ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY R. POWELL, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:CV-00-2180 |
| | : | |
| v. | : | **FILED** |
| | : | **HARRISBURG, PA** |
| ROBERT SHANNON, et al., | : | (Judge Rambo) |
| Respondents | : | JUN 0 7 2001 |

MARY E. D'ANDREA, Cl
Per _____
Deputy Clerk

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

D. Michael Fisher, Attorney General, by Andrea F. McKenna, Senior Deputy Attorney

General, on behalf of Respondent Warden Robert Shannon, respectfully requests that the Petition

for Writ of Habeas Corpus be denied without an evidentiary hearing and in support thereof, states:

## I.    INTRODUCTION

This Petition presents a challenge to a judgment of sentence entered by the Court of

Common Pleas of Adams County, Criminal Division at Nos. CC 393-93 and CC 419-93. On

March 27, 1993, Terry R. Powell entered the Holiday Inn Express, Straban Township, Adams

County at 2:30 A.M. and confronted Shelby Greenawalt, the night auditor who was working by

herself. He pointed a gun at her and said, "Give me all your money." (N.T. 12/8/94 p. 41).

During the daylight hours of March 30, 1993, Powell entered the Howard Johnson Motel in

Gettysburg, Adams County, pointed a gun at Phyllis Morelock, who was on duty at the time,

and said, "Give me your damn money."(N.T. 11/16/93 p. 9) Powell left, taking between $60.00

and $90.00.

## II.    PROCEDURAL HISTORY

1.    Powell was prosecuted by the District Attorney of Adams County.  After a jury trial, Powell was convicted November 16, 1993, at CC- 383-93, of two counts of robbery, 18 Pa. C. S. § 3701; simple assault, 18 Pa. C. S. § 2702;  terroristic threats, 18 Pa. C. S. § 2706; theft by unlawful taking, 18 Pa. C. S. § 3921; and receiving stolen property, 18 Pa. C.S. § 3825. These charges obtained from a  March 30, 1993, robbery of the Howard Johnson Motel  in Gettysburg, Adams County.

2.    Powell was convicted December 8, 1994, at  CC-418-93 of robbery, 18 Pa. C. S.§ 3701; theft by unlawful taking, 18 Pa. C. S. §3921; terroristic threats, 18 Pa. C. S. §2706; and simple assault, 18 Pa. C. S. §2702.  These convictions obtained from the March 27, 1993, robbery  of the Holiday Inn  Express in Straban Township, Adams County.

3.    Powell filed post verdict motions. which the trial court denied on May 4, 1995.

4.    On May 31, 1995, Powell was sentenced to three, consecutive terms of five to ten years in prison at CC 383-93 and CC-418-93.

5.    Powell filed a consolidated direct appeal of  both convictions in which he raised these issues:

> (a)    that the trial court, at No. CC 418-93, erred in denying Powell's post verdict motion for arrest of judgment, causing a  violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution;

2

(b)     that the trial court erred at No. CC 418-93 by denying Powell's post verdict motion for a new trial based on the right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution;

(c)     that the trial court erred at No. CC 418-93 by denying Powell's post verdict motion for a new trial based on the trial court's failure to admit the testimony of Brad Sneeringer under an exception to the hearsay rule, thus violating  Powell's right to due process as guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

(d)     that the trial court erred at No. CC 418-93 in denying Powell's post verdict motion for modification of sentence thus violating the   prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution.

(e)     that the trial court erred at No. CC 418-93 and No. CC 383-93 in applying the mandatory minimum sentencing provisions of 42 Pa. C. S. §9712(crime committed with firearms),thus violating the constitutional   prohibition against cruel and unusual punishment guaranteed by the Eighth Amendment and Article I, Section 13 of the Pennsylvania Constitution.

(f)     that the trial court erred at No. CC 383-93 by denying Powell's motion for a new trial based on the failure of the trial court to order a change of venue, thus violating

3

Powell's right to due process under the Fifth Amendment to the United States Constitution and Article III, Section 23 of the Pennsylvania Constitution.

(g)     that the trial court erred at No 418-93 by allowing Powell to be tried by jurors who had heard a prospective juror, employed as a prison guard, state that he knew Powell through his former employment as a prison guard at the Adams County Prison, thus denying Powell the right to a fair trial as secured by the Sixth Amendment to the United States Constitution and Article I, Section 6 of the Pennsylvania constitution.

(h)     that the trial court erred at No. 418-93 by denying Powell's pretrial motion to suppress testimony of a co-defendant, thus violating Powell's right to due process guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

6.     The Pennsylvania Superior Court affirmed the judgment of sentence Court in a memorandum opinion entered October 4, 1996. *Commonwealth v. Powell*, Nos. 525 and 526 Harrisburg 1995 (October 4, 1996)(memorandum). Appendix C

7.     On October 31, 1996, having obtained an extension of time, Powell filed an application for reargument of the October 4, 1996 decision. Superior Court denied the application in a per curiam order dated December 20, 1996. Appendix E

8.     Powell then sought allowance of appeal in the Pennsylvania Supreme Court. The Supreme Court denied the petition in a per curiam order of July 25, 1997. Appendix F

4

9.     On July 30, 1998, Powell filed a petition for post conviction relief. On or about September 4, 1998, private counsel filed an amended petition for post conviction relief. The amended post conviction relief petition alleged:

(1)     that trial counsel Anthony Miley, who defended Powell on charges stemming from a robbery of Howard Johnson's in Gettysburg, Adams County, on March 30, 1993, was ineffective for failing to "demand the compulsory joinder of this robbery, along with a spree of seven other robberies. . .," including one that occurred in Franklin County and two that occurred in York County;

(2)     that trial counsel Daniel Wolfson who defended Powell on charges stemming from a March 27, 1993, robbery of Holiday Inn Express in Straban Township, Adams County, was ineffective for failing to move for the compulsory joinder of these charges with the charges stemming from the Howard Johnson's robbery and in failing to argue that principles of double jeopardy barred trial of the Holiday Inn Express charges;

(3)     that appellate counsel Robert Johns Chester was ineffective for failing to raise on direct appeal the ineffectiveness of both Attorney Miley and Attorney Wolfson for failing to move for the joinder of all charges at trial;

(4)     that Attorney Miley was ineffective for failing to request the "possible criminal record of [the] victim in both cases;"

5

(5)    that Attorney Miley was ineffective for failing to subpoena a Trooper Hershey to present police reports to impeach the victim's testimony at trial;

(6)    that Attorney Wolfson was ineffective in regard to Commonwealth witness Shelby Greenawalt  "on issue of identification evidence which was tainted and/or underly (*sic*) suggestive;" and  was also ineffective for failing to inform the court that he had possession of an "audible tape" of  Greenawalt's testimony at the preliminary hearing relative to her initial identification of another person as the perpetrator;

(7)    that appellate counsel Chester was ineffective for failing to argue on direct appeal that the tape-recorded preliminary hearing testimony of Shelby Greenawalt was  audible and in his custody;

(8)    that Attorney Miley was ineffective for failing to investigate the date of television publicity to support alibi testimony;

(9)    that Attorney Miley was ineffective for failing "to object to the Commonwealth's impeachment" of Commonwealth witness Mrs. Morelock;

(10)    that Attorney Miley was ineffective for failure to question two "maintenance workers whose names are unknown" who would have provided exculpatory evidence;

(11)    that appellate counsel Chester was ineffective for failing to raise on direct appeal the various allegations of trial counsels' ineffective assistance.

6

10.     Shortly after Powell filed the petition for post conviction relief, the District Attorney of Adams County referred this matter to the Office of Attorney General, pursuant to the Commonwealth Attorneys Act, 71 P. S. §732-205(a)(3), upon a finding of a conflict of interest because of the District Attorney's prior role as private counsel for Powell.

11.     After consideration of the Commonwealth's response and after hearing oral argument,  the Court of Common Pleas of Adams County dismissed the petition for post conviction relief by Order of January 11, 1999. Appendix G

12.     Powell then took a direct appeal of the trial court's denial of post conviction relief and argued that the trial court had erred in dismissing the issues raised in the petition for post conviction relief. Appendix H.

13.     The Pennsylvania Superior Court affirmed the order of the Court of Common Pleas of Adams County denying post conviction relief in a memorandum opinion at *Commonwealth v. Powell*, slip op. No. 311 MDA 1999 (August 4, 1999). Appendix J

14.     On or about August 30, 1999, Powell sought allowance of appeal of the Superior Court Order affirming the denial of post conviction relief.   The Pennsylvania Supreme Court denied the petition in a per curiam order entered December 14, 1999. Appendix L  Powell did not seek certiorari.

7

15.    Pursuant to Rule 5, the following documents are appended:

Appendix A    Brief for Appellant on direct appeal  to the Pennsylvania Superior Court, Docket Nos. 00525 Harrisburg 1995 and 00526 Harrisburg 1995

Appendix B    Brief for Appellee on direct appeal  to the Pennsylvania Superior Court, Docket Nos. 00525 Harrisburg 1995 and 00526 Harrisburg 1995

Appendix C    Memorandum Order and Opinion of the Pennsylvania Superior Court, affirming  judgment of sentence dated October 4, 1996, at Nos. 00520 and 00526 Harrisburg 1995

Appendix D    Appellant's petition for reargument of the Order and Opinion of October 4, 1996, dated October 30, 1996

Appendix E    Per curiam order of the Pennsylvania Superior Court dated December 20, 1996, denying application for reargument at Nos. 525 and 526 Harrisburg 1995

Appendix F    Pennsylvania Supreme Court Order dated July 25, 1997, denying petition for allowance of appeal at Nos. 0070 and 0071 M.D. Allocatur Dockets 1997

Appendix G    Order of Adams County Court of Common Pleas dismissing petition for post convicted relief dated January 11, 1999, at Nos. CC-393-93 and CC-418-93

Appendix H    Brief for Appellant to the Pennsylvania Superior Court on denial of post conviction relief at No. 00311 Harrisburg 1999

Appendix I    Brief for Appellee to the Pennsylvania Superior Court on denial of post conviction relief at No. 00311 Harrisburg 1999

Appendix J    Order and opinion of the Pennsylvania Superior Court affirming dismissal of petition for post conviction relief dated August 4, 1999 at No. 311 MDA 1999

Appendix K    Petition for Allowance of Appeal of the Superior Court Order of August 4, 1999 affirming the denial of post conviction relief

Appendix L    Order of the Pennsylvania Supreme Court dated December 14, 1999, denying petition for allowance of appeal at No. 893 M.D. Alloc. Dkt 1999

16.    Trial transcripts are available from the Office of Attorney General.

## III.    DISCUSSION

### A.    The Petition Is Time-Barred and Must Be Dismissed.

Powell's petition for a writ of habeas corpus was executed December 7, 2000, and consequently is governed by 28 U.S.C. §2241-2255, as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Accordingly, the petition is time-barred as it was filed past the one-year statute of limitations set out at 28 U.S.C.§2244(d)(1).

9

Section 2244(d)(1) of AEDPA provides a one-year statute of limitations for a state prisoner seeking habeas corpus relief. Pursuant to 28 U.S.C. §2244(d)(1), this limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." This period includes the 90 day period in which to seek certiorari, whether or not such a petition was filed. *Kapral v. United States*, 166 F. 3d 565 (3d Cir. 1999).

The Pennsylvania Superior Court affirmed Powell's judgment of sentence in a memorandum opinion entered October 4, 1996; Powell sought reargument; Superior Court denied that application December 20, 1996. Powell then sought allowance of appeal in the Pennsylvania Supreme Court. The Supreme Court denied the petition in a per curiam order of July 25, 1997.

Powell did not seek certiorari. Under *Kapral, supra*, the one year period for seeking federal habeas review began to run October 23, 1997, when the 90 day period from July 25, 1997(the date the petition of allowance of appeal was denied) would have expired. AEDPA provides for the exclusion of certain time in the computation of the one year period by not counting "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." 28 U.S.C. §2244(d)(2). Powell filed a petition for post conviction relief on July 30, 1998. This filing tolled the limitations period with approximately three months remaining. The lower court denied the petition on January 11, 1999. Powell then took an appeal to the Pennsylvania Superior Court. Superior Court affirmed the order of the Court of Common Pleas of Adams County denying post

10

conviction relief in a memorandum opinion issued August 4, 1999. Powell then sought allowance

of appeal in the Pennsylvania Supreme Court. This petition was denied December 14, 1999.

As of December 14, 1999, the clock again began to run on the three months remaining in

the one-year period for seeking federal habeas review. This period expired on or about March

15, 1999. Powell took no further action until December 7, 2000, the date he executed his

signature on the habeas petition. By this time, the one year period had long expired.

Consequently, the instant petition for habeas relief is time-barred and must be dismissed. *Turner*

*v. Keller*, 994 F. Supp. 631 (W.D. Pa. 1998).

**B.    The Claims Are Exhausted, Either Through Fair Presentation or Procedural Default.**

Powell's petition for writ of habeas corpus seeks relief based upon allegations that:

(1)    he was denied his Sixth Amendment right to a fair trial and due process of law

under the Fourteenth Amendment because the trial court did not allow the testimony of one

Brad Sneeringer;

(2)    he was denied the right to an impartial jury and due process of law because the jury

pool heard a prospective juror say he knew Powell through the juror's employment at the

county prison;

(3)    he was denied due process of law because the convictions were based on

insufficient evidence due to the alleged incredible testimony of the chief Commonwealth

witness;

11

(4)    he was denied the effective assistance of counsel for trial counsel's failure to introduce the preliminary hearing testimony of the chief witness against him.

Before a state prisoner may obtain federal habeas review of his conviction, he must exhaust the remedies available in the state courts. 28 U.S.C.§2254(b); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L. Ed. 2d 3 (1982); *Burkett v. Cunningham*, 826 F. 2d 1208, 1213 (3d Cir. 1987). To demonstrate compliance with the exhaustion requirements, a habeas petitioner must show that the federal claim asserted in the federal court has been fairly presented--both facts and legal theory--at all levels of the state judicial system, including the state's highest court. *O'Sullivan v. Boerckel*,    526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d (1999); *Doctor v. Walters*, 96 F. 3d 675 (3d Cir.1996). Fair presentation requires that the argument presented in federal court be the substantial equivalent of that presented to the state courts. *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 130 L. Ed 2d 865 (1995).

Powell's first claim for habeas relief, concerning the trial court's refusal to admit the testimony of Brad Sneeringer, has not been fairly presented to the state courts. The claim was raised on direct appeal as a violation of Powell's right to due process under the Fifth Amendment to the United States Constitution. Appendix A, p. 14. In the instant habeas petition, the claim in regard to the disallowed testimony of Brad Sneeringer is presented as a claim under the Sixth Amendment right to a fair trial and the due process clause of the Fourteenth Amendment. This shift in legal theory does not constitute fair presentation. *O'Sullivan v. Boerckel*,    1999 WL 358962 (U.S.) 1999; *Doctor v. Walters*, 96 F. 3d 675 (3d Cir. 1996); *Duncan v. Henry*, 513 U.S.

12

364, 115 S,Ct. 887, 130 L. Ed 2d 865 (1995). Both the facts and the legal theory must be the same. For example, "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. *Duncan*, 513 U.S. at 365-66.

This Sixth Amendment claim is procedurally defaulted for purposes of federal habeas review in that Powell is procedurally barred from raising such claim in state courts. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Pennsylvania law requires that any claim for post conviction relief, including a second or subsequent petition, shall be filed within one year of the date judgment becomes final. 42 Pa.C.S. §.9545(b)(1). That time period has now expired. Powell could avoid the consequences of procedural default by showing both cause and prejudice. *Murray v. Carrier,* 477 U.S. 478,488-89 (1986). He has not done so and it is unlikely that he could have done so. For example, to establish "cause," the petitioner must show "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. *Murray v. Carrier*, 477 U.S. at 488. It is highly doubtful that "some objective factor external to the defense" could have impeded the raising of such a commonplace as a Sixth Amendment claim.

The second and fourth claim for habeas relief have been fairly presented to the state courts on direct appeal and thus are exhausted. See ¶ 4, Introduction.

The third claim for habeas relief raises a violation of the due process clause of the Fourteenth Amendment, alleging insufficient evidence premised on the challenged credibility of a Commonwealth witness, has never been presented to the state courts, either on direct appeal (*see*

13

¶5, Introduction) or on collateral attack as a "layered" claim of ineffective assistance of counsel (see ¶ 9, Introduction)[1]

This claim is also procedurally defaulted for purposes of federal habeas review in that Powell is procedurally barred from raising the claim in state courts. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). *See* 42 Pa. C. S. §.9545(b)(1). Powell has not established both cause and prejudice for the default, *Murray v. Carrier,* 477 U.S. 478,488-89 (1986), and it is unlikely that he could do so. The defaulted claim is a due process claim based on allegations of insufficiency of the evidence--a garden variety issue on appeal. It is highly improbable that Powell could show "some objective factor external to the defense impeded counsel's efforts" barred counsel from raising such a basic claim.

Because this petition presents claims which have either been exhausted through fair presentation to the state courts or which are now procedurally defaulted in the state courts, this petition is not a mixed petition under *Rose v. Lundy*, 455 U.S. 509 (1982), and it need not be dismissed on the grounds of being a mixed petition.

### C.      Even If Not Time-Barred, The Claims Raised Are Meritless.

Habeas relief will not be granted for any claim adjudicated on the merits in state courts unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28

---

[1]It is not necessary for exhaustion purposes to present federal claims to state courts both on direct appeal and in a PCRA petition. *Evans v. Court of Common Pleas , Delaware Cty., Pa.*, 959 F. 2d 1227, 1230 (3d Cir. 1992), *cert. denied* 506 U.S. 1089 (1993).

U.S.C.§2254(d)(1). "Contrary to" refers to a decision which applies a rule contradicting governing United States Supreme Court precedent or reaches a different result from such a precedent on materially undistinguishable facts;" "unreasonable application" means the unreasonable application of Supreme Court precedent to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362,___ 120 S.Ct 1495,1519 (2000).

**Claim 1, Inability to Present Witness.** As stated previously, the petition is time-barred. Additionally, Claim 1 was not fairly presented to the state courts as Powell now asserts a federal constitutional violation different than the one presented to the state courts. Even if these impediments did not exist, Powell is entitled to no relief. The Pennsylvania courts' resolution of this claim was neither contrary to, nor an unreasonable application of, clearly established U.S. Supreme Court precedent.

At trial, Powell sought to call Brad Sneeringer to testify that while incarcerated in the Adams County prison, another inmate, Timothy Moody, told Sneeringer that he acted alone in one of the robberies for which Powell was charged. However, Moody had *also* confessed to the police and, in that confession, he did implicate Powell. The defense obtained suppression of Moody's confession to police. The trial court refused to permit Sneeringer's testimony; this decision was affirmed on appeal.

The Superior Court stated the law as providing that a person's declarations against penal interest are admissible as an exception to the hearsay rule only where there are existing circumstances that provide clear assurances that such declarations are trustworthy and reliable.

15

The Superior Court found no such indicia of reliability and noted that had Moody's "confession" to Sneeringer been admitted, then Moody's confession to police that implicated Powell would also have been admitted. The Superior Court affirmed the decision of the court below and cited to the Pennsylvania Supreme Court decisions in *Commonwealth v. Williams*, 537 Pa. 1, 26, n.8, 640 A. 2d 1251, 1263 n.8 (1994) and *Commonwealth v. Bracero*, 515 Pa. 355, 528 A. 2d 936 (1987).

This decision is not contrary to or an unreasonable application of clearly established Supreme Court precedent. Rather it follows *Chambers v. Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973), where the U.S. Supreme Court stated that in the exercise of the right to present witnesses, an accused, just like the State, must comply with established rules of evidence designed to assure both fairness and reliability in the ascertainment of guilt or innocence.

**Claim 2, Right to an impartial jury.** A prospective juror, during group voir dire, answered that he knew the defendant and that he could not be, or would find it difficult to be, fair and impartial. By way of further explanation, the prospective juror stated, "I used to be a prison guard so I know him in that aspect." (N.T .5-6 ) This prospective juror was excused from service. There was no further comment on the answer.

The trial court dismissed the claim of error and the Superior Court affirmed. Superior Court found the issue waived in that Powell had made no contemporaneous motion for a mistrial. However, the Pennsylvania court also weighed the effect of the prospective juror's comment by the standard of whether the jury could have reasonably inferred that the accused had engaged in prior criminal activity. *Commonwealth v. Groce*, 452 Pa. 15, 303 A. 2d 917, (1973), *appeal*

16

*denied* 414 U.S. 975, 94 S. Ct. 290, 380 L.Ed 2d 219 (1973). Superior Court concluded that the comment, "I used to be a prison guard so I know him in that aspect," had a range of possible interpretations and that "the conclusion [Powell] would have us draw is simply too speculative to credit." Appendix C, p. 10.

Claims of juror bias are subject to a harmless error analysis. *Smith v. Phillips*, 455 U.S. 209, 215 (1982). Harmless error will be found if the alleged juror bias did not contribute to the verdict. *Chapmen v. California*, 386 U.S. 18, 24 (1967) A federal habeas court must give deference to a state appellate court's resolution of an ambiguity in a state trial court statement. *Parker v. Dugger*, 498 U.S. 308, 320 (1991).

The state appellate court resolved the prospective juror's ambiguous statement as harmless error. This determination was not "an unreasonable application of Supreme Court precedent to the facts of the prisoner's case." Even if the petition were not time-barred, this claim for relief lacks merit.

**Claim 3, Sufficiency of the evidence.** Powell never presented a sufficiency of the evidence claim to the state courts, either on direct appeal or in the context of ineffective assistance of counsel on collateral relief. Because a petition for post conviction relief, including a second or subsequent petition, must be filed within one year of the day the judgment of sentence becomes final, 42 Pa. C. S. §9545, Powell has procedurally defaulted claim in state court. Having made no showing of both cause and prejudice, Powell is precluded from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct 2546, 2565 (1991).

17

Even if Powell were no so precluded, it is unlikely that Powell could prevail under a *Jackson v. Virginia*, 433 U.S. 307 (1979). The testimony of both robbery victims and police investigators was presented at trial; there can be little doubt that the evidence did not prove Powell's guilt beyond a reasonable doubt.

**Claim 4, Ineffective assistance of counsel.** The claim that trial counsel was ineffective for failing to introduce a tape recording of the preliminary hearing testimony of the chief Commonwealth witness was rejected by the trial court. In reviewing the claim, Superior Court noted that the portion of the tape most potentially useful was inaudible; noted that the witness was thoroughly cross-examined at trial; and found her testimony positive and unequivocal. Appendix C, p. 6. The Superior Court affirmed the trial court finding that "[n]ot using the tape was simply a choice of strategy by trial counsel and was not unreasonable." *Id.* This finding by the state court must now be presumed to be correct. 28 U.S.C. §2254(d); *McCandless v. Vaughn*, 172 F.3d 255 (3d Cir. 1999)

It is well established in Pennsylvania law that analysis of an ineffectiveness claim requires the court to consider whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Montalvo*, 434 Pa. Super. 14, 35, 641 A. 2d 1176, 1187 (1994); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A. 2d 973, 975 (1987). While the Superior Court cited no controlling authority in support of its finding, a federal court must presume that a state judge applied the appropriate federal legal standards even if the applicable legal standard is not mentioned in the state court record. *Townsend v. Sain*, 372 U.S.

18

293 (1963).    The Pennsylvania Supreme Court has held that Pennsylvania's standard for establishing ineffective assistance of counsel is "identical" to the standard  enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984). *Commonwealth v. Kimball*, 724 A. 2d 326, 331 (Pa. 1999); *see also Buehl v. Vaughn*, 166 F.2d 163 (3d Cir. 1999). The first *Strickland* prong is whether counsel's performance fell below an objective standard of reasonableness.   The Pennsylvania Superior Court applied this standard and found the decision not to play the tape " a choice of strategy" which was not unreasonable.

The   decision reached by  the Superior Court in regard to this claim of ineffective assistance  is neither "contrary to" nor "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.§2254(d)(1). Even if the petition were not time-barred, Powell is entitled to no relief on this claim.

## IV.    RECOMMENDED DISPOSITION

Respondent urges this Court to dismiss the petition for writ of habeas corpus without an evidentiary hearing and that no certificate of appealability issue.

Respectfully submitted

D. MICHAEL FISHER
Attorney General

By:    _Andrea F. McKenna_

ANDREA F. McKENNA
Senior Deputy Attorney General
Attorney I.D. #39717

Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
(717) 787-6348

Dated:  June 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRY R. POWELL,                :
    Petitioner            :        CIVIL ACTION NO. 1:CV-00-2180
                          :
    v.                    :
                          :        (Judge Rambo)
ROBERT SHANNON, et al.,         :
    Respondents           :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing **Response to Petition for Writ of Habeas Corpus** and **Appendix** upon the person(s) and in the manner indicated below:

Service by first class mail
addressed as follows:

Terry Powell (No. CT-9673)
SCI at Mahanoy
301 Morea Road
Frackville, PA   17932
(*pro se*)

ANDREA F. McKENNA
Senior Deputy Attorney General
Attorney I.D. No. 39717
(Counsel for Respondent)

Office of Attorney General
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-6348

Dated: June 7, 2001