Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY R. POWELL, Petitioner | : | CIVIL ACTION |
| v. | : | 1:CV-00-2180 |
| ROBERT SHANNON, et al., Respondents | : | (Judge Rambo) |

FILED
HARRISBURG
JUN 21 2001
MARY E. D'ANDREA, C
Per_____
DEPUTY CLERK

PETITIONER'S REPLY BRIEF

Terry R. Powell, Petitioner pro se respectfully submits the reply brief in support of habeas corpus relief.

A. The petition for writ of habeas corpus is not time-barred.

It is true that Petitioner's judgment of sentence became final on October 23, 1997, and that Petitioner filed his post-conviction motion approximately nine months later on July 30, 1998. Under provisions of the AEDPA as we now understand it those nine months do not toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). It is well-settled that § 2244(d)(1) is a statute of limitations subject to equitable tolling, not a jurisdictional bar. Petitioner offers two arguments against a conclusion that his petition is time-barred.

(1) Equitable tolling should be applied:

Pennsylvania is a state which affords defendants a post-conviction process. See, 42 Pa.C.S. § 9541 et seq. Section 9545(b)(1) of the Act provides: "Any petition filed under this subchapter...shall be filed within one year of the date the judgment becomes final[.]..." This language mirrors the AEDPA's one

year limitation period which tolls in both statutes when the judgment becomes final. What Respondents propose results in a "double-counting" windfall to the government. The so-called one year grace period which state and federal legislatures have enacted becomes a misnomer in cases where a defendant seeks state collateral review. This would seem an absurd result that was not intended by the respective legislatures.

(2) <u>Principles of comity and orderly administration requires equitable tolling:</u>

State defendants are required to exhaust their federal constitutional claims in state court before initiating proceedings in a district court. <u>Lambert v. Blackwell,</u> 134 F.3d 506 (3d Cir.1998).

In <u>Kapral v. U.S.,</u> 166 F.3d 565 (3d Cir.1999), Circuit Judge McKee provides extensive reasoning in support of the Court's conclusion that a judgment does not become final on direct review until the time for seeking certiorari in the Supreme Court has passed:

> Furthermore, while Congress has imposed a one-year limitation on the commencement of collateral proceedings, it does not appear that Congress intended to encourage the commencement of collateral proceedings before a defendant has had a full and fair opportunity to litigate his or her claims on direct review. Indeed, as the government contends, commencing a collateral attack while direct review is ongoing would be wasteful and pointless if the conviction is reversed by the Supreme Court. The outcome on direct review, even if not in the defendant's favor, may also cause the defendant to limit or rethink the claims that would be raised on collateral review, or even dissuade the defendant from seeking collateral review. For these reasons, and to ensure the orderly administration of criminal proceedings, defendants have long been discouraged from commencing § 2255 proceedings before the conclusion

of direct review[.]..."

(Id. at 572)(citations and references omitted.)
Petitioner believes the same reasoning applies to the state defendant who seeks an "orderly administration of criminal proceedings" by fairly presenting his federal claims through the state post-conviction process. See Id. 572-573.

A consideration which is not addressed in Kapral is whether the framers of the AEDPA distinguished between those states which incorporate a statute of limitation in their post-conviction statutes versus those states which do not. The distinction is important: In the former the governmental interests are the same; to encourage a timely and orderly pursuit of collateral review activity. In the case of the latter, the AEDPA serves to influence the same governmental interest from the federal side of the equation, even though a state post-conviction statute might not do so. Thus, it is Petitioner's argument that since Pennsylvania's PCRA proscribes a one-year limitation period in which to file; principles of fairness, comity, and an orderly administration of criminsl proceedings warrant an equitable tolling for Pennsylvania's one year provision. This should include, in Petitioner's case, the nine months spent to obtain his records, to retain private counsel, and prepare his most cogent PCRA petition possible. Accord, Romero v. Roe, 130 F.Supp.2d 1148 (C.D.Cal.2001). It is a principle of statutory construction that good sense and practicality are always a consideration when interpreting a penal statute, favoring a reasonable and sensible interpretation. Commonwealth v. Moore, 343 Pa.Super. 242, 494 A.2d 447 (1985).

(3) Kapral v. U.S. should not apply retrospectively.

Respondents rely heavily on Kapral, and correctly so, because it decided an issue of first impression for this Circuit. Kapral at 568, 574-575. In rejecting part of the government's argument Kapral enlightens and instructs Petitioner to his mistake in conflating the events of exhaustion of state remedies and the conclusion of direct review. Kapral at 576. However, Kapral was decided well after Petitioner had used up the nine months in preparation of his state collateral petition. Thus, it would be arbitraily unfair to account Petitioner for the nine months as urged by Respondents. See, Helton v. Secretary for the DOC, 233 F.3d 1322 (11th Cir. 2000).

B. Petitioner's claims were fairly presented to the state courts.

Respondents assertion that Petitioner's first claim was presented in state court as a Due Process violation under the Fifth Amendment, but asserted in the district court as Due Process violation under the Fourteenth Amendment is frivolous. It is axiomatic that most, if not all, of the Bill of Rights are impressed upon the states by the Due Process Clause of the Fourteenth Amendment. This paradigm includes those protections which are afforded by the Fifth Amendment. Malloy v. Hogan, 378 U.S. 1, 8 (1964). Moreover, should the Court examine Responsent's Appendix A, pages 14-21, it is evident that the argument that was presented to the Superior Court is identical to that which is presented in the instant habeas petition. Both pleadings rely upon Chambers v. Mississippi, 410 U.S. 284 (1973), as the U.S. Supreme Court precedent in support of Petitioner's claim. Petitioner is only

obligated to show that the legal theory and supporting facts asserted in the instant petition are substantially equivalent to those presented in the state court, and that the same legal analysis was available to the state courts. Mattis v. Vaughn, 128 F.Supp.2d 249 (E.D.Pa.2001).

Respondent is correct in noting that Petitioner's third claim was not presented on direct appeal to the Superior Court or on collateral review. However, the trial court did previously rule the evidence to be sufficient to support the conviction; concluding that Ms. Greenwalt's in-court testimony was positive and unequivocal. Petitioner is convinced that a criminal conviction which is based upon insufficient evidence is one of those rare claims which fits squarely under the miscarriage of justice standard from Murray v. Carrier, 477 U.S. 478, 496 (1986).

> ....[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

(Id.). See also Evans-Smith v. Taylor, 19 F.3d 899, 909-910 4th Cir.1994).

Petitioner has asserted two constitutional violations which occurred during his trial, either of which could have negated the force and credibility of the prosecution's sole witness: exclusion of Sneeringer's testimony and the impeachment material. It is with such view in mind that Petitioner urges the Court to review the sufficiency of the evidence in this case.

-6-

## Conclusion

The remainder of Respondent's Answer is denied as Petitioner relies upon the arguments and authorities set forth in his <u>pro se</u> memorandum.

RESPECTFULLY SUBMITTED,

*Terry R. Powell*

Terry R. Powell
No. CT-9673
301 Morea Road
Frackville, PA  17932

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY R. POWELL, | : | CIVIL ACTION |
| Petitioner | : | 1:CV-00-2180 |
| v. | | |
| ROBERT SHANNON, et al., | : | (Judge Rambo) |
| Respondents | | |

CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing Reply Brief upon the Respondents by depositing same in the institution mailbox, first-class postage prepaid, on the date indicated, and addressed to:

Andrea F. McKenna
Senior Deputy Attorney General
16th Floor, Strawberry Square
Harrisburg, PA  17120

Dated: June 20, 2001

Terry R. Powell
PRO SE