11
8/20/01
MTA

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY R. POWELL, | : |
| Petitioner | : CIVIL ACTION NO. 1:CV-00-2180 |
| v. | : |
| ROBERT SHANNON, et al., | : (Judge Rambo) |
| Respondents | : |

FILED
HARRISBURG, PA

AUG 2 0 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**MEMORANDUM**

**BACKGROUND**

On July 16, 2001, Terry Powell, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 state court conviction for robbery in which petitioner pled nolo contendere. (Doc. 1). Powell filed a direct appeal with the Superior Court of Pennsylvania which affirmed his conviction on January 4, 1996. (Id., p. 3). Petitioner did not file an appeal with the Pennsylvania Supreme Court.

Powell also sought relief under Pennsylvania's Post-Conviction Collateral Relief Act ("PCRA"), 42 Pa. C.S. § 9541 et seq. He filed an initial pro se PCRA petition with the Court of Common Pleas for Franklin County. The trial court denied Powell's PCRA petition on May 22, 1997. (Id., p. 4). The Superior Court of Pennsylvania thereafter affirmed the trial court's determination on January 14, 1998. (Doc. 3, Memorandum in Support of Petition for Habeas Corpus Relief, p. 2). An application for re-argument was timely filed with the Superior Court and denied on March 26, 1998. (Id.).

On or about April 19, 1998, Powell filed a motion for enlargement of time in which to file a petition for allowance of appeal with the Pennsylvania Supreme Court. (Id.). The motion was denied on June 18, 1998. (Id.).

Petitioner next applied for federal habeas corpus relief with this Court on June 14, 1999. Powell v. Dragovich, Civil Action No. 1:CV-99-0976 (3d Cir. 2000) (Judge Rambo). Powell's petition was dismissed for failure to exhaust his administrative remedies on February 3, 2000. Id. Petitioner, therefore, filed an Application for Leave to File Original Process and Petition for Writ of Habeas Corpus in the Supreme Court of Pennsylvania on May 9, 2000. (Doc. 3, p. 2). The Pennsylvania Supreme Court granted the application in order to deny the petition. (Id.). Powell then filed a motion for reconsideration with this Court on January 11, 2001 which was denied May 17, 2001. Id.

In the instant petition, Powell again contends that his nolo contendere plea was not made knowingly and voluntarily, and was the result of ineffective assistance of trial and appellate counsels. Petitioner also filed an application to proceed in forma pauperis. Because Powell is untimely before this Court, the application to proceed in forma pauperis will be granted for the sole purpose of dismissing the habeas petition.

## DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration</u>

-2-

> for seeking such review . . .
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings."). Because Powell's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328.

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute

of limitations starts to run and the time is counted. Under §2254 (d)(2), a "properly filed application" for post-conviction relief must comply with the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of Philadelphia County, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

Powell's conviction became final on direct review prior to the enactment of the AEDPA, and the clock for filing a § 2254 petition began on April 24, 1996. Thus, he had until April 23, 1997 to file a timely habeas corpus petition. See Burns, 134 F.3d at 111. Pursuant to 28 U.S.C. § 2244(d)(2), when Powell filed his PCRA petition, the AEDPA's filing period was statutorily tolled. See Harris, 209 F.3d at 328. Petitioner did not timely file a Petition for Allowance of Appeal, therefore, he was not "properly" before the Pennsylvania Supreme Court for tolling purposes when he filed his motion for enlargement to file such petition. Even if the filing period was tolled during that time frame, the statutory period again started to run when the Pennsylvania Supreme Court denied his motion for enlargement to file a Petition for Allowance of Appeal on June 18, 1998. Powell filed his first federal habeas petition almost one year later on June 14, 1999. However, that petition

did not toll the filing period. Jones, 195 F.3d at 158 (The statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court.) Under the best case scenario, Powell had until June 17, 1999 to file a proper federal habeas petition. Therefore, Powell's current petition for habeas corpus relief under § 2254, filed on July 16, 2001, is barred by the statute of limitations.[1]

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that extraordinary and rare circumstances are required for the granting of equitable tolling.[2] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i)

---

[1] District Courts may sua sponte raise the affirmative defense of the statute of limitations in habeas proceedings. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district judge to whom the case is assigned is required to examine a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," and if so determined, "the judge shall make an order for its summary dismissal." Id. at 328 (quoting Rule 4 Governing Section 2254 Cases).

[2] Equitable tolling may be appropriate "if (1) the defendant has actively mislead the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

which precludes habeas relief for ineffective or incompetence of collateral counsel.

As a result, there is no basis for equitable tolling in this case. Powell, however, will be accorded an opportunity to show cause as to why his petition should not be dismissed as untimely. An appropriate Order is attached.

SYLVIA H. RAMBO
United States District Judge

Dated: August 20, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 20, 2001

Re: 1:00-cv-02180   Powell v. Shannon

True and correct copies of the attached were mailed by the clerk to the following:

    Terry R. Powell CT-9673
    Mahanoy State Correctional Inst.
    301 Morea Rd.
    Frackville, PA  17931

    Andrea F. McKenna, Esq.
    Office of the Attorney General
    Strawberry Sq. 16th Floor
    Harrisburg, PA  17120   Fax No.: 717-787-6346

    Adams County District Attorney's Office
    Courthouse
    111-117 Baltimore Street
    Gettysburg, PA  17325

cc:
| | | | |
|---|---|---|---|
| Judge | (X) | (X) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( )  Pltf's Attorney ( ) | |
| Standard Order 93-5 | ( ) | | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to: US Atty Gen ( )  PA Atty Gen ( ) DA of County ( )  Respondents ( ) | |
| Bankruptcy Court | ( ) | | |
| Other_____ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: August 20th, 2001     BY: _____
                                Deputy Clerk