*(handwritten: 13, 8/21/01, MTA)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRY R. POWELL,                      :

      Petitioner              :    CIVIL ACTION NO. 1:CV-00-2180

    v.                               :

ROBERT SHANNON, et al.,         :    (Judge Rambo)

      Respondents           :

**FILED**
**HARRISBURG, PA**

**AUG 2 1 2001**

**MARY E. D'ANDREA, CLERK**
Per _____
      Deputy Clerk

## MEMORANDUM

## Background

Terry Powell, an inmate presently confined in the State Correctional Institution at Mahanoy (SCI-Mahanoy) in Frackville, Pennsylvania, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition, petitioner filed an application to proceed in forma pauperis. Named as respondents are Robert Shannon, warden at SCI-Mahanoy, and Mike Fisher, Attorney General for the Commonwealth of Pennsylvania.

Petitioner reports that he was found guilty of robbery, 18 Pa. C. S. §3701; theft by unlawful taking, 18 Pa. C. S. §3921; terroristic threats, 18 Pa. C. S. §2706; and simple assault, 18 Pa. C. S. §2702 by jury trial in the Court of Common Pleas of Adams County, Pennsylvania on December 8, 1994. (Doc. 1, Petition). Powell was sentenced on May 31, 1995, to consecutive terms of five (5) to ten (10) years of imprisonment.[1] (Id., p. 2).

---

1.    Petitioner also is serving a sentence on another robbery conviction in Adams County.

Powell filed a consolidated direct appeal of his two Adams County convictions. (Doc. 7, Response).  The Pennsylvania Superior Court affirmed the judgment of the trial court in a memorandum opinion entered October 4, 1996.  Commonwealth v. Powell, Nos. 525 and 526 Harrisburg 1995 (October 4, 1996)(memorandum).  After obtaining an extension of time, Powell filed an application for reargument of the October 4, 1996 decision on October 31, 1996.  The Superior Court denied the application in a per curiam order dated December 20, 1996.  (Id., p. 4).  Powell then sought allowance of appeal in the Pennsylvania Supreme Court.  The Supreme Court denied the petition in a per curiam order of July 25, 1997.  (Id.).

On July 30, 1998, Powell filed a petition for post conviction relief.  On or about September 4, private counsel filed an amended petition for post conviction relief.  After hearing oral argument, the Court of Common Pleas of Adams County dismissed the petition for post conviction relief by Order of January 11, 1999.  Powell appealed to the Pennsylvania Superior Court which affirmed the order of the trial court.  Commonwealth v. Powell, slip op. No. 311 MDA 1999 (August 4, 1999).  On or about August 30, 1999, petitioner sought allowance of appeal of the Superior Court Order affirming the denial of post conviction relief.  The Pennsylvania Supreme Court denied the petition in a per curiam order entered December 14, 1999.  (Id., p. 7).

In the instant petition, Powell raises four grounds for habeas relief:

2

(1)     he was denied his Sixth Amendment right to a fair trial and due process of

law under the Fourteenth Amendment because the trial court did not allow

the testimony of one Brad Sneeringer;

(2)     he was denied the right to an impartial jury and due process of law

because the jury pool heard a prospective juror say he knew Powell

through the juror's employment at the county prison;

(3)     he was denied due process of law because the convictions were based on

insufficient evidence due to the alleged incredible testimony of the chief

Commonwealth witness; and

(4)     he was denied the effective assistance of counsel for trial counsel's failure

to introduce the preliminary hearing testimony of the chief witness against

him.

Respondents, in addition to other grounds, contend that the petition should be dismissed

because it is time-barred as it was filed past the one-year statute of limitations set out at 28

U.S.C. §2244(d)(1).  Because Powell's petition is untimely, the instant petition is dismissed.

## Discussion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

Penalty Act of 1996 (the "AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996).

Section 101 of Title I of the AEDPA amended 28 U.S.C. § 2244 by adding a new

subsection (d) which imposes a one-year period of limitation on state prisoners filing

habeas petitions in federal court. That subsection provides in relevant part as follows:

3

(d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
(d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see</u> <u>generally</u>, <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998)(<u>per</u> <u>curiam</u>); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998). This period includes the ninety (90) day period in which to seek certiorari of the direct review, whether or not such a petition was filed. <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir. 1999). However, it is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. <u>See</u> <u>Bunnell v. Yukins</u>, No. 00-CV-73313, 2001

4

WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

In this case, Powell's conviction became final on direct review on October 23, 1997, when the 90 day period from July 25, 1997 (the date the petition of allowance of appeal was denied) would have expired. Thus, the clock for filing a § 2254 petition began on October 23, 1997, and he had until October 23, 1998, to file a timely habeas corpus

5

petition.  Burns, 134 F.3d at 111.  Pursuant to 28 U.S.C. § 2244(d)(2), when Powell filed

his PCRA petition on July 30, 1998, the AEDPA's filing period was statutorily tolled with

approximately three months remaining.  See Harris, 209 F.3d at 328.  When the

Pennsylvania Supreme Court denied Powell's petiton for allowance of appeal on

December 14, 1999, the clock resumed running on the remaining three months in which

Powell could seek federal habeas review.  This period expired on or about March 15, 1999.

Powell took no further action until December 7, 2000, the date he executed his signature

on the habeas petition.  Therefore, Powell's petition for habeas corpus relief under § 2254

appears to be barred by the statute of limitations.

      However, the AEDPA's "one-year filing requirement is a statute of limitations, not

a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if

the petitioner can establish an equitable basis for tolling the limitations period."  Jones, 195

F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d

Cir. 1998).  The Jones court held that "extraordinary" and "rare" circumstances are required

for the granting of equitable tolling.[2]  "In non-capital cases, attorney error, miscalculation,

---

2.    Equitable tolling may be appropriate "if (1) the defendant has actively mislead the
plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting
his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."
Jones, 195 F.3d at 159.

inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001).[3]

In his traverse, petitioner contends that his writ of habeas corpus is not time-barred. Powell contends that since Pennsylvania's PCRA proscribes a one-year limitation period in which to file; principles of fairness, comity, and an orderly administration of criminal proceedings warrant an equitable tolling for Pennsylvania's one year provision. Petitioner further contends that this should include the nine months spent to obtain his records, to retain private counsel, and prepare "his most cogent PCRA petition possible." (Doc. 9, p. 3).

Powell's PCRA petition ended on December 14, 1999 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Powell did not file his habeas petition until almost another entire year transpired when he executed his signature on the habeas petition on December 7, 2000. The filing of a PCRA petition only temporary stops the clock from running and does not create a new clock. Petitioner provides no explanation for the unjustified delay in filing his federal habeas petition. Petitioner does not meet the extraordinary and rare circumstances that warrant equitable tolling.

---

3. This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

Accordingly, Powell's petition for writ of habeas corpus will be dismissed pursuant to 28 U.S.C. §2244(d)(1)(A). An appropriate order is attached.

8/21/01

SYLVIA H. RAMBO
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 21, 2001

Re:  1:00-cv-02180   Powell v. Shannon

True and correct copies of the attached were mailed by the clerk
to the following:

     Terry R. Powell CT-9673
     Mahanoy State Correctional Inst.
     301 Morea Rd.
     Frackville, PA  17931

     Andrea F. McKenna, Esq.
     Office of the Attorney General
     Strawberry Sq. 16th Floor
     Harrisburg, PA  17120   Fax No.: 717-787-6346

     Adams County District Attorney's Office
     Courthouse
     111-117 Baltimore Street
     Gettysburg, PA  17325

cc:
Judge                      (X )              (X ) Pro Se Law Clerk
Magistrate Judge           (  )              (  ) INS
U.S. Marshal               (  )              (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (X )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                                U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                                to:  US Atty Gen   (  )  PA Atty Gen (  )
                                     DA of County  (  )  Respondents (  )
Bankruptcy Court           (  )
Other_____       (  )

MARY E. D'ANDREA, Clerk

DATE: August 21st, 2001                    BY: _____
                                           Deputy Clerk